UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE, on behalf of himself and others similarly situated,

        *Plaintiff,*

v.

NEW YORK UNIVERSITY,

        *Defendant.*

No. 23 Civ. 10515 (VSB) (SN)

## DEFENDANT NEW YORK UNIVERSITY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Roberta A. Kaplan
Gabrielle E. Tenzer
Amit Jain
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
gtenzer@kaplanhecker.com
ajain@kaplanhecker.com

Raymond P. Tolentino
KAPLAN HECKER & FINK LLP
1050 K Street, NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883
rtolentino@kaplanhecker.com

*Attorneys for Defendant New York University*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION .............................................................................................................................1

RELEVANT BACKGROUND ...........................................................................................................1

ARGUMENT ....................................................................................................................................3

      I.      Plaintiff Fails to State Any Plausible Claim for Relief ............................................4

      II.     Plaintiff's Request for Expedited Discovery Remains Premature ..........................8

      III.    Normal Order Will Not Prejudice Plaintiff, but Granting His Extraordinary Request Would Prejudice NYU ...........................................................................10

CONCLUSION ................................................................................................................................12

# TABLE OF AUTHORITIES

**Cases**                                                                                                          Page(s)

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................. 5, 6, 8, 9

*Baerga v. City of New York*,
    No. 21 Civ. 5762, 2023 WL 1107633 (S.D.N.Y. Jan. 30, 2023) ........................................... 8

*Bejjani v. Manhattan Sheraton Corp.*,
    No. 12 Civ. 6618, 2013 WL 3237845 (S.D.N.Y. June 27, 2013) ......................................... 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................................... 6, 9, 10

*Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*,
    No. 14 Civ. 9371, 2017 WL 9401102 (S.D.N.Y. Mar. 2, 2017) ........................................... 9

*Bristol-Myers Squibb Co. v. Matrix Lab'ys Ltd.*,
    No. 12 Civ. 5846, 2015 WL 4430614 (S.D.N.Y. July 20, 2015) .......................................... 4

*Burgis v. N.Y. City Dep't of Sanitation*,
    798 F.3d 63 (2d Cir. 2015) ................................................................................................... 7

*Citigroup Inc. v. AT&T Inc.*,
    No. 16 Civ. 4333, 2016 WL 8794472 (S.D.N.Y. July 1, 2016) ............................................ 4

*Colds v. Smyth*,
    No. 22 Civ. 2023, 2023 WL 6258544 (S.D.N.Y. Sept. 26, 2023) ..................................... 4, 9

*Doe I v. Four Bros. Pizza*,
    No. 13 Civ. 1505, 2013 WL 6083414 (S.D.N.Y. Nov. 19, 2013) ....................................... 11

*Doe v. DEA*,
    No. 23 Civ. 9407, 2023 WL 7165523 (S.D.N.Y. Oct. 31, 2023) ........................................ 11

*Doe v. Leonelli*,
    No. 22 Civ. 3732, 2022 WL 2003635 (S.D.N.Y. June 6, 2022) ......................................... 11

*Fac., Alumni, & Students Opposed to Racial Preferences v. Harvard L. Rev. Ass'n*,
    No. 18 Civ. 12105, 2019 WL 3754023 (D. Mass. Aug. 8, 2019) ......................................... 7

*Fillmore E. BS Fin. Subsidiary LLC v. Capmark Bank*,
    552 F. App'x 13 (2d Cir. 2014) ............................................................................................ 6

*First Nationwide Bank v. Gelt Funding Corp.*,
   27 F.3d 763 (2d Cir. 1994) .................................................................................................. 4

*Gidatex, S.r.L. v. Campaniello Imps., Ltd.*,
   13 F. Supp. 2d 417 (S.D.N.Y. 1998) .................................................................................. 10

*Haynes v. City of New York*,
   No. 19 Civ. 1925, 2020 WL 4926178 (S.D.N.Y. Aug. 20, 2020) ................................... 8, 11

*In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*,
   No. 14 Civ. 4242, 2014 WL 12959675 (S.D.N.Y. July 23, 2014) ................................... 4, 8

*Jones v. U.S. Postal Serv.*,
   No. 20 Civ. 6516, 2020 WL 5525748 (S.D.N.Y. Sept. 15, 2020) ........................................ 4

*Kajoshaj v. N.Y. City Dep't of Educ.*,
   543 F. App'x 11 (2d Cir. 2013) ............................................................................................ 6

*Main St. Legal Servs., Inc. v. Nat'l Sec. Council*,
   811 F.3d 542 (2d Cir. 2016) ................................................................................................. 8

*Monsanto Co. v. Dragan*,
   No. 5 Civ. 786, 2005 WL 8173613 (W.D.N.Y. Nov. 21, 2005) .......................................... 8

*Neitzke v. Williams*,
   490 U.S. 319 (1989) ........................................................................................................... 11

*Notaro v. Koch*,
   95 F.R.D. 403 (S.D.N.Y. 1982) ....................................................................................... 4, 6

*OMG Fid., Inc. v. Sirius Techs., Inc.*,
   239 F.R.D. 300 (N.D.N.Y. 2006) ........................................................................................ 9

*Podany v. Robertson Stephens, Inc.*,
   350 F. Supp. 2d 375 (S.D.N.Y. 2004) .................................................................................. 8

*Raza v. City of New York*,
   998 F. Supp. 2d 70 (E.D.N.Y. 2013) ................................................................................... 9

*Silber v. Barbara's Bakery, Inc.*,
   950 F. Supp. 2d 432 (E.D.N.Y. 2013) ............................................................................... 10

*Streamlight, Inc. v. Gindi*,
   No. 18 Civ. 987, 2018 WL 8967041 (E.D.N.Y. Mar. 6, 2018) ........................................... 9

*Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*,
    600 U.S. 181 (2023)..................................................................................................... 2, 5

**Statutes**

42 U.S.C. § 1983............................................................................................................. 2, 7

**Rules**

Fed. R. Civ. P. 8................................................................................................................. 8

Fed. R. Civ. P. 11............................................................................................................... 7

Fed. R. Civ. P. 12(b)(6).................................................................................................... 10

Fed. R. Civ. P. 26........................................................................................................... 3, 9

**Other Authorities**

NYU Law Review, *Membership Selection*,
    https://www.nyulawreview.org/about/membership-selection/ ......................................... 1, 2

NYU Law, *2023-2024 Academic Calendar*,
    https://www.law.nyu.edu/academicservices/academiccalendar/2023-2024-academic-
    calendar............................................................................................................................ 2

## INTRODUCTION

Plaintiff John Doe has sued Defendant New York University ("NYU" or the "University") based on nothing more than his own unfounded speculation that the NYU Law Review ("Law Review") will violate applicable law—several months from now—when it selects its next class of editors, applying a selection policy that has yet to be formulated by a leadership team that has yet to be selected. Plaintiff himself concedes that the forthcoming selection policy he purports to challenge will not be implemented until next summer, and therefore has stated that he does not intend to move for a preliminary injunction until March. Nonetheless, Plaintiff continues to insist that he is entitled to expedited discovery now.

But Plaintiff's request for expedited discovery falls short for at least three reasons. First, given his failure to allege facts sufficient to state a claim, it is clear that he seeks discovery now only to embark on a fishing expedition in the hope of bolstering his patently deficient pleading. Second, because he has not moved for a preliminary injunction and will not do so for months, there is no basis to seek discovery now in connection with that motion. And third, rushing to discovery on Plaintiff's baseless claims—all while Plaintiff proceeds under a pseudonym and seeks class certification—would concretely prejudice NYU, whereas proceeding in the normal course would not prejudice Plaintiff.

## RELEVANT BACKGROUND

At the end of each academic year, first-year students at the NYU School of Law ("NYU Law") can apply to serve as editors on the Law Review and other student-run law journals.[1] Editor selection has historically begun with a writing competition following the completion of final

---

[1] *See* NYU Law Review, *Membership Selection*, https://www.nyulawreview.org/about/membership-selection/ (last visited Jan. 8, 2024).

1

exams.[2] This year, finals will conclude on May 10, 2024.[3] It is NYU's understanding that, as is common among student-run law journals, the Law Review's editor selection policies and procedures can change from year to year and are subject to revision by each year's student leadership team. The Law Review's 2024-2025 student leadership team, which will review and may reformulate the policies and procedures governing summer 2024 editor selection, has yet to be selected.

According to Plaintiff, he is a first-year student at NYU Law who seeks to proceed pseudonymously while bringing his case as a putative class action. *See* ECF 1 ¶¶ 16, 25. In his seven-page complaint, Plaintiff alleges that he "intends to apply for membership on the Law Review in the summer of 2024." *Id.* ¶ 17. Plaintiff further alleges that after the Supreme Court's decision in *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023) ("*SFFA*"), the Law Review modified its website, removing what Plaintiff calls a "diversity set-aside" concerning consideration of protected characteristics in the selection of editors. ECF 1 ¶¶ 9-13. The website continues to note, however, the Law Review's general "commitment to staff diversity," *id.* ¶ 14, without mentioning race, gender identity, sexual orientation, or other protected characteristics. Plaintiff—who describes himself as white, heterosexual, cisgender, and male—speculates that despite this change, the Law Review still intends (via a policy that has yet to be formulated by a leadership team that has yet to be selected) "to give preferential treatment to women, non-Asian racial minorities, homosexuals, and transgender people." *Id.* ¶¶ 15, 18. Based on these unsupported contentions, Plaintiff brings a purported claim "under Title VI, Title IX, 42 U.S.C. § 1983, and any other law that might supply

---

[2] *See id.*

[3] *See* NYU Law, *2023-2024 Academic Calendar*, https://www.law.nyu.edu/academicservices/academiccalendar/2023-2024-academic-calendar (last visited Jan. 8, 2024).

2

a cause of action for the requested relief." ECF 1 ¶ 26. The "requested relief" includes an unprecedented demand that the Law Review seek some sort of "preclearance" from this Court before selecting any new members or editors, as well as an order compelling the Law Review not only to comply with applicable law, but to publicly "disavow[] any consideration of race, sex, sexual orientation, or gender identity or expression" in its selection process. *Id.* ¶ 27.

Plaintiff first attempted to file this lawsuit on October 19, 2023, but the case was dismissed because he failed to comply with this District's ECF Rules. *See* Order, *Doe v. NYU*, No. 23 Civ. 9187 (S.D.N.Y.), ECF 5. Plaintiff tried again on October 25, 2023, but that attempt, too, was deficient. *See Doe v. NYU*, No. 23-mc-398 (S.D.N.Y.), ECF 4. On December 1, 2023, Plaintiff's case was finally docketed. Along the way, Judge Marrero granted Plaintiff's ex parte motion to proceed pseudonymously, without prejudice to NYU's right to challenge Plaintiff's pseudonymity at the appropriate juncture. *See id.*, ECF 7.

Three days after Plaintiff's case was docketed, he moved to expedite discovery, arguing that he and members of his putative class "w[ould] be unable to obtain relief" "before the summer 2024 selection process" without discovery. ECF 10-1 at 3, 4. The Court denied Plaintiff's motion as premature on December 7. *See* ECF 13. A day later, on December 8, Plaintiff served NYU with his complaint. Plaintiff renewed his motion for expedited discovery on December 22. *See* ECF 25. Plaintiff has also informed undersigned counsel that he intends to file a motion for class certification imminently. And Plaintiff continues to assert that while he plans to file a motion for a preliminary injunction, he does not intend to do so until March. *See* ECF 25-1 at 7.

## **ARGUMENT**

In the ordinary course, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). In deciding whether to alter

3

this default rule and expedite discovery, courts in this Circuit employ one of two tests. Often, courts apply the standard articulated in *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982), requiring the movant to establish "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *See, e.g.*, *Jones v. U.S. Postal Serv.*, No. 20 Civ. 6516, 2020 WL 5525748, at *1 (S.D.N.Y. Sept. 15, 2020); *Citigroup Inc. v. AT&T Inc.*, No. 16 Civ. 4333, 2016 WL 8794472, at *1 (S.D.N.Y. July 1, 2016). Some courts, on the other hand, require that the movant establish "good cause" and "reasonableness." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14 Civ. 4242, 2014 WL 12959675, at *1 (S.D.N.Y. July 23, 2014) (Broderick, J.). Under this approach, however, "the *Notaro* factors can [still] inform" the analysis. *Colds v. Smyth*, No. 22 Civ. 2023, 2023 WL 6258544, at *3 n.4 (S.D.N.Y. Sept. 26, 2023). As discussed below, Plaintiff fails to justify expedited, pre-conference discovery under either standard.

## I. Plaintiff Fails to State Any Plausible Claim for Relief

"[I]t is axiomatic that a plaintiff must state a claim *before* he is entitled to discovery." *Bristol-Myers Squibb Co. v. Matrix Lab'ys Ltd.*, No. 12 Civ. 5846, 2015 WL 4430614, at *8 (S.D.N.Y. July 20, 2015). Here, Plaintiff concedes that without expedited discovery, he and putative class members will be "unable to obtain relief." ECF 25-1 at 3. That admission is amply justified: NYU has exceedingly strong arguments for dismissing Plaintiff's complaint.

For example, Plaintiff's Title VI claim relies on "conclusions of law [and] unwarranted deductions of fact" that do not suffice to state a claim. *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994). Plaintiff alleges that (1) the Law Review considered race in selecting editors at a time when governing precedent permitted it to do so, *see* ECF 1 ¶¶ 8-12,

and (2) in the wake of *SFFA*, the Law Review continued to state a general commitment to diversity, without making any reference to race, *see id.* ¶¶ 13-14. However, these allegations, even if true, do not give rise to a Title VI claim or support any inference of unlawful conduct.

In hopes of ginning up a Title VI claim, Plaintiff's motion for expedited discovery accuses the Law Review of having a "history of . . . discrimination." ECF 25-1 at 6. But he mischaracterizes his own pleading. The pre-*SFFA* conduct that Plaintiff alleges was openly acknowledged by the Law Review and occurred at a time when race-conscious decision-making was supported by decades of precedent. But it is a sheer non sequitur to claim that a history of following the law as it exists reflects an intent to act illegally once the law changes. Plaintiff's motion goes on to stress "the Law Review's continued emphasis on its 'commitment to staff diversity,'" quoting general language from the Law Review's website. ECF 25-1 at 4-6. Yet there are countless aspects of diversity that do not relate to any legally protected classification, do not implicate any nondiscrimination laws, and do not trigger any kind of heightened judicial scrutiny. And even as to racial diversity, *see id.* at 6, nothing in *SFFA* "prohibit[s] [covered entities] from considering an applicant's discussion of how race affected his or her life," so long as "the student [is] treated based on his or her experiences as an individual," *SFFA*, 600 U.S. at 230-31.

Tacitly recognizing as much, Plaintiff tacks on a wholly speculative allegation that the Law Review will, in the coming selection cycle, "us[e] . . . 'statements of interest' and résumés to give preferential treatment to" racial minorities. ECF 1 ¶ 15. But that conclusory allegation rests on nothing but unsubstantiated conjecture about future events—not on the Law Review's actions or on any non-conclusory facts. Because Plaintiff's unsupported charge of discrimination is "no more than [a] conclusion[]," it is "not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

5

The *Notaro* case discussed above offers a helpful parallel. In that case, the court found that the plaintiff failed to justify expedited discovery because his claim rested on "a contingent threat, which cannot in any event be carried out for several months." *Notaro*, 95 F.R.D. at 405. Here, too, Plaintiff's claim rests on a speculative concern that cannot possibly materialize until summer 2024 (under a policy that does not yet exist). For the same reason, it is of no moment that "[t]here are no alternative means available to obtain" the information Plaintiff seeks. ECF 25-1 at 4. That is not because "the Law Review has intentionally obscured" anything at all, *id.*, but rather because Plaintiff has sued over a policy that has not yet been formulated or implemented, armed with no facts to plausibly support his conclusory and theoretical charge of future discrimination.

Plaintiff's response is to argue that his factual allegations suffice to make his unsupported claim of unlawful discrimination "at least an equally plausible one" as non-discrimination. ECF 21 at 3. But this conflates plausibility with "mere possibility." *Iqbal*, 556 U.S. at 679. Because Plaintiff's "factual allegations describe only actions that are consistent with lawful conduct," his "conclusory allegation" of "culpable conduct" is in fact "insufficient to make the claim plausible." *Fillmore E. BS Fin. Subsidiary LLC v. Capmark Bank*, 552 F. App'x 13, 18 (2d Cir. 2014) (cleaned up) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)); *accord, e.g.*, *Bejjani v. Manhattan Sheraton Corp.*, No. 12 Civ. 6618, 2013 WL 3237845, at *14 (S.D.N.Y. June 27, 2013) (plaintiffs did not state claim by describing "otherwise lawful" conduct "followed by an entirely conclusory accusation of" wrongdoing). In other words, Plaintiff's factual allegations are at most theoretically "'consistent' with a Title VI violation"; they do not sufficiently plead that a violation has occurred or will occur. *Kajoshaj v. N.Y. City Dep't of Educ.*, 543 F. App'x 11, 14 (2d Cir. 2013); *see also, e.g.*, *Iqbal*, 556 U.S. at 682 ("As between [an] 'obvious alternative explanation' . . . and the purposeful, invidious discrimination [Plaintiff] asks us to infer, discrimination is not a

plausible conclusion."); *Burgis v. N.Y. City Dep't of Sanitation*, 798 F.3d 63, 69 (2d Cir. 2015) (holding well-pleaded factual allegations "d[id] not support . . . a plausible inference" of discrimination because discrimination and non-discrimination were "equally possible"). Indeed, the consequences of Plaintiff's theory reveal its fatal weakness. Under his theory, "every education program or activity receiving Federal financial assistance that (a) uses personal essays or [résumés] as part of a selection or admission process, and (b) has made a general statement of interest in or commitment to diversity—criteria which likely encompass a vast majority of the nation's universities, colleges, private schools, and other educational institutions—could be subjected to the costly and burdensome prospect of discovery arising from lawsuits brought under Titles VI and/or IX, so long as the complaint is signed by a lawyer pursuant to Rule 11." *Fac., Alumni, & Students Opposed to Racial Preferences v. Harvard L. Rev. Ass'n*, No. 18 Civ. 12105, 2019 WL 3754023, at *8 n.16 (D. Mass. Aug. 8, 2019) (cleaned up). Similarly, if Plaintiff's motion is granted, educational institutions across the country could be forced into intrusive discovery simply because they previously followed Supreme Court precedent allowing them to consider applicants' racial identities as part of holistic admissions processes.

Although Plaintiff invokes multiple other statutes, *see* ECF 1 ¶ 26, none of them rescue his complaint. While Plaintiff cites Title IX, that claim suffers from the same deficiencies as his Title VI claim, among others. Plaintiff curiously throws in a citation to Section 1983, but he pleads no facts to suggest that NYU is a state actor. And Plaintiff's "Hail Mary" citation to "any other law that might supply a cause of action," *id.*, could hardly be more insufficient, since Plaintiff cannot delegate his duty to file a well-pleaded complaint to this Court or to NYU.

This failure to state a claim dooms Plaintiff's request for expedited discovery. Although discovery may be appropriate to "better enable the court to judge the parties' . . . chances for

7

success" on a preliminary injunction, *In re Keurig*, 2014 WL 12959675, at *2, it is plainly inappropriate as a "fishing expedition" in hopes of bolstering a deficient pleading, *Haynes v. City of New York*, No. 19 Civ. 1925, 2020 WL 4926178, at *14 n.29, 18 n.31 (S.D.N.Y. Aug. 20, 2020), which is precisely what Plaintiff seeks to do here. As the Supreme Court explained in *Iqbal*, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." 556 U.S. at 678-79; *see also, e.g.*, *Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 567 (2d Cir. 2016) ("A plaintiff who has failed adequately to state a claim is not entitled to discovery."); *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) ("[D]iscovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not . . . to permit a plaintiff to find out whether he has such a claim . . . ."). In fact, given the glaring deficiencies in Plaintiff's pleading here (not to mention that neither the Law Review's 2024-2025 leadership nor the policy they will use have even been selected), it would be most appropriate to stay discovery pending decision on NYU's forthcoming motion to dismiss.

## II.     Plaintiff's Request for Expedited Discovery Remains Premature

Plaintiff's request for expedited discovery is also premature. Plaintiff has repeatedly said that he does not intend to file his preliminary injunction motion (or a summary judgment motion) until March. *See* ECF 10-1 at 7; ECF 25-1 at 7. While "circumscribed" discovery is occasionally appropriate in connection with a motion for a preliminary injunction, *see In re Keurig*, 2014 WL 12959675, at *2, courts generally do not authorize expedited discovery "merely on the basis of a *contemplated* preliminary injunction motion," *id.* at *1 n.2 (emphasis added); *accord, e.g.*, *Baerga v. City of New York*, No. 21 Civ. 5762, 2023 WL 1107633, at *6 (S.D.N.Y. Jan. 30, 2023) ("[T]here is no 'good cause' absent an impending hearing for a preliminary injunction."); *Monsanto Co. v. Dragan*, No. 5 Civ. 786, 2005 WL 8173613, at *2 (W.D.N.Y. Nov. 21, 2005) ("Courts have

8

rejected requests for expedited discovery when the movant fails also to move for preliminary injunction.").

Resisting this straightforward principle, Plaintiff musters just two instances where courts (outside this District) allowed expedited discovery before a motion for preliminary injunction was filed. *See* ECF 21 at 4. But even assuming those cases were decided correctly, they are entirely inapt. In one, decided before *Twombly* and *Iqbal*, the court granted expedited discovery only after reviewing the complaint and expressing overt "skeptic[ism]" that the defendant could prevail on a motion to dismiss. *OMG Fid., Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 305 (N.D.N.Y. 2006). Plaintiff's other citation is even further afield; there, the plaintiffs sought discovery only after the defendants had filed an answer in lieu of moving to dismiss. In that case, the court did not even authorize pre-conference discovery because it held that the parties had satisfied Rule 26(f). *See Raza v. City of New York*, 998 F. Supp. 2d 70, 73-74, 76 n.2 (E.D.N.Y. 2013). Moreover, both courts allowed discovery only after scrutinizing the movants' specific interrogatories and document demands to confirm they were not unduly burdensome. *See OMG Fid., Inc.*, 239 F.R.D. at 305; *Raza*, 998 F. Supp. 2d at 75-88. Here, in contrast, Plaintiff baldly asserts that NYU will "face no undue burden in responding" to his expedited discovery requests, ECF 25-1 at 5, without bothering to say what those requests actually are.[4] Nor does Plaintiff disclose whether and how the discovery he contemplates might burden non-parties, such as current and former Law Review members. *Cf. Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14 Civ. 9371, 2017 WL 9401102, at *1 (S.D.N.Y. Mar. 2, 2017) ("[S]pecial weight

---

[4] Plaintiff's failure to submit the specific discovery requests that he intends to propound is itself a sufficient ground on which to deny his renewed motion. *See, e.g.*, *Streamlight, Inc. v. Gindi*, No. 18 Civ. 987, 2018 WL 8967041, at *2 (E.D.N.Y. Mar. 6, 2018) (denying expedited discovery request that did not "include[] the specific discovery requests to be propounded"); *Colds*, 2023 WL 6258544, at *3-4 (listing "the specificity of the discovery request" as a factor in the "reasonableness and good cause" inquiry).

should be given to the burden on non-parties of producing documents to parties involved in litigation." (alteration omitted)).

### III. Normal Order Will Not Prejudice Plaintiff, but Granting His Extraordinary Request Would Prejudice NYU

Finally, proceeding in the normal course will not prejudice Plaintiff at all. Indeed, "this case was first filed on October 19, 2023," ECF 21 at 1, yet Plaintiff does not intend to move for a preliminary injunction until March, *see* ECF 25-1 at 7—more than four and a half months later, and still months from now. That fact alone plainly defeats Plaintiff's assertion of prejudice, as his "claim of irreparable injury is clearly belied by" his "four and a half month delay." *Gidatex, S.r.L. v. Campaniello Imps., Ltd.*, 13 F. Supp. 2d 417, 420 (S.D.N.Y. 1998) (denying expedited discovery for this reason); *see also Silber v. Barbara's Bakery, Inc.*, 950 F. Supp. 2d 432, 439 (E.D.N.Y. 2013) (collecting cases and explaining that "months-long delays in seeking preliminary injunctions have repeatedly been held by courts in the Second Circuit to undercut" a claim of irreparable injury).[5] Further, while Plaintiff contends that denial of expedited discovery "would effectively deny [him] relief," ECF 21 at 3, that is not true. Editor selection will not even commence until the summer, which (as Plaintiff's own plan illustrates) leaves ample time for Plaintiff to move for a preliminary injunction and seek discovery, expedited or otherwise, if his complaint somehow survives NYU's motion to dismiss.

By contrast, expedited discovery at the pleading stage would indisputably prejudice NYU, since the whole point of Rule 12(b)(6) is to "streamline[] litigation by dispensing with needless

---

[5] Plaintiff counters that his delay is "not because of a lack 'of urgency,'" ECF 21 at 3, but because "the Law Review has intentionally obscured how it weighs various factors in selecting members," ECF 25-1 at 4. That argument is not only a non sequitur, but also ignores Plaintiff's burden "to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 545. Plaintiff's inability to satisfy this burden may further explain his decision to delay seeking a preliminary injunction (since, as the parties agree, any such papers filed now would be meritless, *see* ECF 25-1 at 3) while attempting to embark on a fishing expedition in the meantime.

discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). "[A]llowing the plaintiff to conduct discovery in order to piece together a claim would undermine [that] purpose" and prejudice NYU. *Haynes*, 2020 WL 4926178, at *18 n.31. And Plaintiff's unspecific assertion that the discovery he seeks will be minimal or "narrow[]" is belied by his intention to not only issue document requests, but also take depositions. ECF 25-1 at 1, 5.

Moreover, expedited discovery would be especially prejudicial to NYU here in light of Plaintiff's present pseudonymity. *See* ECF 4. For example, Plaintiff recently informed NYU that notwithstanding the deficiencies in his complaint, he intends to press forward with class certification immediately. But because there is no such thing as unilateral discovery, should discovery proceed, the University would be entitled to explore issues such as Plaintiff's standing and his adequacy as a putative class representative—issues it could not adequately probe or evaluate if Plaintiff were to remain pseudonymous. Accordingly, Plaintiff's effort to rush to discovery and class certification briefing while also insisting on remaining pseudonymous threatens to tilt the scales unfairly against NYU. And any measures short of lifting pseudonymity entirely "will not remedy this asymmetry." *Doe v. Leonelli*, No. 22 Civ. 3732, 2022 WL 2003635, at *5 (S.D.N.Y. June 6, 2022) ("Difficulties in conducting discovery include an 'asymmetry in fact-gathering' that cannot 'be avoided by the fact that [plaintiff] already has provided [defendant] with his name.'" (alterations in original)); *see also, e.g.*, *Doe v. DEA*, No. 23 Civ. 9407, 2023 WL 7165523, at *3 (S.D.N.Y. Oct. 31, 2023) (plaintiff's pseudonymity "could disadvantage Defendants at all stages of litigation, including . . . discovery" (internal quotation marks omitted)); *Doe I v. Four Bros. Pizza*, No. 13 Civ. 1505, 2013 WL 6083414, at *10 (S.D.N.Y. Nov. 19, 2013) (plaintiffs' pseudonymity prejudiced defendants' ability to oppose class certification, including through discovery).

11

**CONCLUSION**

For the reasons stated above, NYU respectfully requests that the Court deny Plaintiff's motion for expedited discovery while reserving NYU's right to seek a stay of discovery pending decision on its forthcoming motion to dismiss, as well as to oppose Plaintiff's request for pseudonymity at the appropriate juncture.

Dated: New York, New York
January 8, 2024

Respectfully submitted,

Roberta A. Kaplan
Gabrielle E. Tenzer
Amit Jain
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
gtenzer@kaplanhecker.com
ajain@kaplanhecker.com

Raymond P. Tolentino
KAPLAN HECKER & FINK LLP
1050 K Street, NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883
rtolentino@kaplanhecker.com

*Attorneys for Defendant New York University*